GUTHMAN, SOLOMONS & CO. v. UNITED STATES. A. STEINHARDT & CO. v. SAME. (Circuit Court of Appeals, Second Circuit. November 25, 1908.) Nos. 107, 108 (4,904, 4,905). Appeals from the Circuit Court of the United States for the Southern District of New York. For decision below, see 159 Fed. 273. Comstock & Washburn (J. Stuart Tompkins, of counsel), for importers. J. Osgood Nichols, Asst. U. S. Atty. Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Order affirmed, in open court, upon the ground that there are no samples of the merchandise in the case, and the court is therefore unable to pass intelligently upon the merits of the controversy.

HAMMETT v. CHASE, TALBOT & CO. (Circuit Court of Appeals, Second Circuit. November 16, 1908.) No. 53. Appeal from the District Court of the United States for the Southern District of New York. This is an appeal from a decree awarding demurrage and extra expenses for 12 days' detention of a schooner discharging in the port of New York. The facts are fully set forth in the decision of the District Judge reported in 158 Fed. 203. H. W. Goodrich, for appellants. Arthur Lovell, for appellee. Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. The charter contained this provision: "Vessel to move to such loading and discharging berth as the charterers may direct; * * * they to have the privilege of moving her thereafter by paying towages." We concur with the District Judge in the opinion that under this clause it was the duty of the charterers to furnish a tug for the towage from Jersey City to Staten Island, and that they did not shift that obligation upon the vessel by deputing the master to obtain one. We find no error in including the bill for five days' overtime of a United States inspector. Apparently it would not have been incurred if the vessel had discharged on time. Decree affirmed, with interest and costs.